UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ayers Ratliff, *et al.*,                            Case No. 3:25-cv-1635

           Plaintiffs,

    v.                                            MEMORANDUM OPINION
                                                  AND ORDER

Ray Grogan, *et al.*,

           Defendants.

## I. INTRODUCTION

Defendants Ray Grogan, David Stamolis, and Mark Weaver have filed a motion to stay this litigation while state court criminal proceedings against Plaintiffs Ayers and Heidi Ratliff are ongoing. (Doc. No. 12). After Plaintiffs opposed that motion, (Doc. No. 15), Defendants filed a brief in reply. (Doc. No. 16).

Plaintiffs also filed a motion for leave to amend their complaint, (Doc. No. 13), which Defendants oppose. (Doc. No. 17). Plaintiffs filed a reply brief in support of their motion. (Doc. No. 18).

For the reasons stated below, I grant both motions.

## II. BACKGROUND

On May 20, 2024, Plaintiff Ayers Ratliff was arrested and charged with sexually assaulting a minor. (Doc. No. 1-2 at 4-6). The case was presented to a Marion County, Ohio grand jury in July 2024, but the grand jury did not return an indictment. (*Id.* at 12). Defendants requested and received an extension of time in which to present the case again and, on August 29, 2024, the grand

jury returned a three-count indictment against Ayers, charging him with rape, gross sexual imposition, and unlawful sexual conduct with a minor. (*Id.* at 13, 15). Defendants obtained a superseding indictment on December 5, 2024, adding two additional counts against Ayers for abduction. (*Id.* at 15).

The case was set for a jury trial to begin on January 27, 2025. (*Id.*). A few weeks prior to trial, on January 13 and 14, 2025, Defendants filed two motions to continue the trial, both of which were denied. (*Id.* at 15-16). Defendants subsequently moved to dismiss the charges against Ayers. (*Id.* at 16). Following a hearing, the motion was granted, and the charges were dismissed without prejudice. (*Id.* at 16).

On July 17, 2025, Plaintiffs filed suit against Defendants in the Marion County Court of Common Pleas, asserting claims for false arrest and wrongful imprisonment, malicious prosecution, retaliation, libel and slander, conspiracy, abuse of process, violation of Ayers' Fourth Amendment right to be free from unlawful seizures pursuant to 42 U.S.C. § 1983, and loss of consortium. (*Id.* at 18-25). Defendants timely removed the case to this court on August 5, 2025, (Doc. No. 1), and they subsequently moved to stay the case while the state criminal investigation was ongoing. (Doc. No. 8). I denied the motion to stay without prejudice after both Plaintiffs were charged in a new indictment on August 27, 2025. (*See* Doc. No. 11).

Defendants filed a second motion to stay on September 11, 2025. (Doc. No. 12). Plaintiffs filed a motion for leave to amend the following day, seeking to substitute "Marion City Police Chief Jay McDonald, Marion City Police Detective Chris Adkins, and Franklin County Sheriff's employee Courtney Rittenour" in place of two John Doe defendants and one Jane Doe defendant. (Doc. No. 13 at 2).

2

### III.  DISCUSSION

A.  **MOTION FOR LEAVE TO AMEND**

I will consider Plaintiffs' motion for leave to amend first.

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Defendants argue "Plaintiffs failed to act with due diligence resulting in undue delay in identifying and naming" the new defendants and, therefore, Plaintiffs should not be granted leave to amend. (Doc. No. 17 at 2). According to Defendants, Plaintiffs knew the identities of the three new defendants prior to filing their complaint and should have named them as defendants then. (*Id.* at 2-3).

But the Sixth Circuit has held that "'delay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced[,]'" and "[t]o deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quoting *Moore v. Paduch*, 790 F.2d 557, 560, 562 (6th

3

Cir. 1986) (further citation and internal quotation marks omitted)). Defendants do not identify any prejudice they might suffer if I grant Plaintiffs' motion for leave to amend. Therefore, they have not met their burden, and I grant Plaintiffs' motion.

**B.     MOTION TO STAY**

Defendants move to stay this litigation while state court criminal proceedings against both Plaintiffs are ongoing. Plaintiffs argue a stay is not appropriate because, in their view, the criminal charges against them are baseless and they continue to suffer "personal, emotional[,] and economic" harm while the state case is ongoing. (Doc. No. 15 at 2).

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, a federal court must abstain from interfering with pending state court proceedings involving important state interests absent extraordinary circumstances. Abstention is appropriate when: (1) state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff an adequate opportunity to raise federal questions. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). The Supreme Court has held "that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

All three conditions for *Younger* abstention are met in this case. While Plaintiffs were not under indictment when they initiated this litigation, they were charged by indictment approximately six weeks later. And no proceedings of substance on the merits have yet occurred, as I vacated the scheduled case management conference after Defendants filed their first motion to stay. (*See* non-document order dated Aug. 25, 2025).

4

The second condition is met as well, as criminal proceedings implicate important state interests. *See Leveye*, 73 F. App'x at 794 (observing "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere") (citing *Younger*, 401 U.S. at 43-45). Moreover, the outcome of those proceedings will likely have a substantial impact on the resolution of Plaintiffs' claims in this litigation.

Third, many of Plaintiffs' claims involve alleged constitutional violations or an alleged lack of probable cause. Plaintiffs have not asserted, much less shown, that they are barred from bringing these claims before the state court. *See, e.g., Moore v. Sims*, 442 U.S. 415, 432 (1979). Thus, I conclude the third condition is met as well.

When a plaintiff's claim for monetary damages is subject to *Younger* abstention, the district court "must stay the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013). Therefore, I grant Defendants' motion and order that this case be stayed.

### IV. CONCLUSION

For the reasons stated above, I grant the motion of Plaintiffs Ayers and Heidi Ratliff to amend their complaint, (Doc. No. 13), and the motion of Defendants Ray Grogan, David Stamolis, and Mark Weaver to stay this litigation. (Doc. No. 12). The parties shall submit a joint status report to my chambers via email to Helmick_Chambers@ohnd.uscourts.gov regarding the progress of the state proceedings every 45 days with the first to be submitted no later than December 22, 2025.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge